**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY D. BROWN,** | : | **Case No. 2:26-cv-122** |
| | : | |
| **Plaintiff,** | : | |
| | : | **District Judge Algenon L. Marbley** |
| **vs.** | : | **Magistrate Judge S. Courter M. Shimeall** |
| | : | |
| **COLUMBUS COLLEGIAL REVIEW BOARD, *et al*.,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a former inmate at the Pickaway Correctional Institution ("PCI"),[1] in Orient, Ohio, brings this *pro se* first amended civil rights complaint ("FAC") under 42 U.S.C. § 1983 against Dr. John/Jane Doe.[2] (*See generally* Doc. 6.) By separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 2.)

This matter is now before the Court for a review of the FAC to determine whether the FAC or any portion of it should be dismissed on a screen under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

### I. Screening of the FAC

#### A. Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose

[1] Plaintiff notes in his Notice of Change of Address that he was released from PCI on June 17, 2026. (*See generally* Doc. 8).

[2] Federal Rule of Civil Procedure 15(a) provides that a complaint may be amended once as a matter of course within 21 days of service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the 21-day period has expired, he or she must obtain consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). Here, a review of the docket shows that no Defendant has been served in this case and, therefore, no responsive pleading has been served. Thus, Plaintiff was entitled to amend his complaint as a matter of course. Plaintiff's FAC is now the operative complaint in this case. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014).

filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious. *See id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i), 1915A(b)(1).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also* *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when a plaintiff claims a violation of a legal interest that clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional, "rise to the level of the irrational", or are "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the dismissal of complaints that fail to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). That said, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470–71 (noting that the "dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B. Plaintiff's FAC**

Plaintiff alleges the following: After spinal surgery on February 7, 2024, Plaintiff needed medical care because some of the hardware/screws used in the surgery broke inside of him. (*See* FAC, Doc. 6 at 7.) This is, according to Plaintiff, a recurring issue—Plaintiff indicates he had surgery in 2019, and that the hardware used in that surgery broke, causing the need for the 2024 surgery.[3] (*Id.*) Plaintiff further alleges that the broken hardware after the 2024 surgery causes extreme pain. (*Id.*) Dr. Doe knew of Plaintiff's condition, according to Plaintiff, yet Dr. Doe has denied him access to expert medical care. (*Id.* at 8.) Dr. Doe has not provided Plaintiff with any treatment, and Plaintiff is not even able to access pain medication. (*Id.* at 9.) Dr. Doe has only ordered Plaintiff to rest "until his release on June 17th, 2026." (*Id.*)

[3] Plaintiff filed a case in the Northern District of Ohio in 2023 concerning the alleged deliberate indifference to his medical needs after his 2019 surgery. *See Brown v. Kline, et al.*, Case No. 4:23-cv-787-PAG (N.D. Ohio Apr. 17, 2023). The Court ultimately dismissed Plaintiff's claims, granting the defendants' motion for summary judgment. (*Id.* at Doc. 42).

Plaintiff requests declaratory and monetary relief. (*Id.* at 13.)

**C. Claim to Proceed**

Upon review of the FAC, and without the benefit of briefing by the parties, the Court concludes, in an abundance of caution, that Plaintiff's Eighth Amendment deliberate indifference to a serious medical need claim against Dr. Doe may proceed at this juncture. *See Jones v. Smith*, No. 17-2266, 2019 WL 1810923 at *2 (6th Cir. 2019) (noting that, while differing opinions regarding medical treatment do not raise a deliberate indifference claim, as courts are loathe to disturb medical judgments, treatment that is "so woefully inadequate as to amount to no treatment at all" do raise a claim). In so finding, the Court is aware that Plaintiff's claim against Dr. Doe, upon further briefing, may implicate a difference in opinion regarding medical treatment, rather than treatment "so woefully inadequate as to amount to no treatment at all." (*Id.*) The Court finds, however, that such issues will benefit from being addressed after Dr. Doe is served and has had an opportunity to respond. In this regard, the Court advises Plaintiff that the Court's determination that his claim may proceed for purposes of this preliminary screening does not preclude Dr. Doe from filing a motion to dismiss, a motion for more definite statement, or other appropriate motions under the Federal Rules of Civil Procedure. *See, e.g., Gill v. Walmart*, No. 3:23-CV-01370, 2024 WL 420125, at *2 (M.D. Tenn. Feb. 5, 2024) (noting that surviving the initial screen "does not preclude the defendant from filing a motion to dismiss").

Finally, because the FAC only names Dr. Doe as a defendant in this action, the Court **RECOMMENDS** that the Columbus Collegial Review Board be **TERMINATED** from the docket, as it is no longer named as a party to the case.

## II. Conclusion and Service of Process

Accordingly, at this stage of the proceedings, Plaintiff states a colorable Eighth Amendment deliberate indifference claim against Dr. Doe. But the United States Marshal cannot serve a Doe

defendant. Before service may be issued on Dr. Doe, Plaintiff must file a Motion to Issue Service that identifies Dr. Doe by name. Plaintiff is **ORDERED** to file a Motion to Issue Service within **forty-five (45) days** of the filing date of this Order. The Motion must attach a completed U.S. Marshal form, summons form, and copy of the FAC for Dr. Doe to be served. If Plaintiff does not comply with this Order, the Court will issue a Report and Recommendation to dismiss this case without prejudice.

Plaintiff should not delay in proceeding against Dr. Doe. *See generally Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run."); Fed R. Civ. P. 4(m) (concerning time limits for service).

To aid Plaintiff in identifying Dr. Doe, the Court will **AUTHORIZE** service of summons upon Warden George A. Frederick at PCI for the limited purpose of receiving requests that **Plaintiff must make** to ascertain the identity of Dr. Doe.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The Columbus Collegial Review Board be **TERMINATED** from the docket of this case.

**IT IS ORDERED THAT:**

1. The Clerk shall copy the FAC (Doc. 6) to effect service on Warden George A. Frederick at PCI for the **limited purpose** of receiving requests **made by Plaintiff** to ascertain the identity of Dr. Doe. The United States Marshal service shall serve a copy of the FAC, summons, the separate Order granting Plaintiff *in forma pauperis* status (Doc. 2) on Warden Frederick. All service costs shall be advanced by the United States.

2. Before service may be issued upon Dr. Doe, Plaintiff must file a Motion to Issue Service, setting forth the identity of Dr. Doe, within **forty-five (45) days** of the filing date of this Order.

3. If Plaintiff fails to provide the identity of Dr. Doe, the Court will recommend dismissal of

this action without prejudice.

**PROCEDURE ON OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: July 31, 2026

*S/ S. Courter M. Shimeall*
S. Courter M. Shimeall
United States Magistrate Judge